IN THE UNITED STATES DISTRICT COURT
FOR MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:20-cv-1048-WKW-SMD |
| | ) | |
| $389,820.00 IN UNITED STATES CURRENCY; | ) ) ) | |
| $15,780.00 IN UNITED STATES CURRENCY; | ) ) ) | |
| $4,550.00 IN UNITED STATES CURRENCY; | ) ) ) | |
| 1972 CHEVROLET CHEVELLE SS 396, VIN: 1D37H2R582820, WITH ALL APPURTENANCES AND ATTACHMENTS THEREON; and, | ) ) ) ) ) | |
| MISCELLANEOUS JEWELRY, namely: 18k yellow gold Rolex watch, side serial nos. v390198 and 218238, inside serial no. 2418; 3-row 14k yellow gold diamond bracelet with 11.47 carats in 93 diamonds; a 32" 10k yellow gold link chain necklace; a 10k yellow gold and diamond rectangular medallion, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, the United States of America (hereinafter, "United States") by and through Louis V. Franklin, Sr., United States Attorney for the Middle District of Alabama, and Verne H. Speirs, Assistant United States Attorney, brings this Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit and condemn the Defendants to the United States, pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A), for violations of 21 U.S.C. §§ 841(a)(1) (drug distribution) and 846 (conspiracy to commit a violation of the Controlled Substances Act).

## THE DEFENDANTS *IN REM*

2. The Defendants consist of $389,820.00, $15,780.00, $4,550.00, a 1972 Chevrolet Chevelle SS396 and miscellaneous jewelry. Defendants $4,550.00 and miscellaneous jewelry were seized on May 13, 2016 from inside the vehicle Garth was driving and from Garth's person, respectively. Defendants $389,820.00, $15,780.00 and a 1972 Chevrolet Chevelle were seized during the execution of a state search warrant executed at Garth's residence at 94 Breckenridge Court in Deatsville, Alabama 36022 on May 14, 2016.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendants. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the Defendant under 28 U.S.C. § 1355(b). Upon the filing of this Complaint, the Plaintiff requests that the Clerk issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the Defendants pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(a) because the acts or omissions giving rise to the forfeiture occurred in this district and the property is located in this district.

## BASIS FOR FORFEITURE

6. The defendants are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C), which provide for the seizure and forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical; all proceeds traceable to such an exchange; all moneys, negotiable instruments, and securities used or intended to be used to facilitate the commission of the offenses; and any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 21 U.S.C. §§ 841 and 846.

## FACTS

7. The facts and circumstances supporting the seizure of the defendants are as follows:

   a. On Friday, May 13, 2016, Millbrook Police Department received a 911 call in reference to a subject shot. Law enforcement and medics responded to the Sonic Drive-In restaurant in Millbrook, Alabama. Upon arrival, officers found Rodriguez Lakeith Garth ("Garth") suffering from two gunshot wounds. Garth stated that he had been shot at the Liberty Mart in Millbrook, Alabama. Officers observed two gunshot holes in the driver's side window of the Mercedes driven by Garth. Garth had a large sum of U.S. currency in his pocket, as well as money inside the Mercedes. Garth was transported to Baptist South hospital in Montgomery, Alabama for treatment. The U.S. currency in Garth's pocket, as well as money inside the Mercedes, was seized (Defendant $4,550.00). Defendant jewelry was seized from Garth's person.

3

   b. Further investigation revealed that Garth was shot at his residence in Deatsville, Alabama and drove himself to the Sonic Drive-In restaurant to call 911.

   c. Investigators obtained a state search warrant for 94 Breckenridge Court (Garth's residence) to obtain evidence relating to the shooting. Investigators made entry into and cleared the residence for safety and to make certain no armed suspects were inside the residence. During this process, investigators observed several large bundles of marijuana in the closet of the guest bedroom. Investigators then applied for and obtained an amended search warrant for drugs at the residence. The warrant was granted by Elmore County District Judge Glenn Goggans.

   d. On May 14, 2016, members of the DEA Montgomery residence office, along with agents from the Central Alabama Drug Task Force, executed the amended search warrant at 94 Breckenridge Court, Deatsville, Alabama. During the search, officers found and seized eight bundles of marijuana in the closet of the guest bedroom, four totes containing 11 bundles of marijuana (220.4 kg/441 pounds total), four gallon-size plastic bags containing cocaine (1635 gross grams), a bag containing one bag of cocaine (42.7 gross grams), a digital scale, a Ruger LCP pistol, a Ruger P35 pistol, 6 cellular telephones, assorted jewelry, AR 15 magazines, assorted documents, several large quantities of U.S. currency inside the residence ($15,780.00), and a large quantity of U.S. currency ($389,820.00) in the trunk of the 1972 Chevrolet Chevelle SS396.

   e. Agents also seized the Mercedes Garth had been driving on May 13, 2016, the Chevrolet Chevelle located in the garage of Garth's residence, and a Cadillac DTS, also discovered at the residence.

    f.  There was no one present at the time of the search warrant and no one resides at 94 Breckenridge Court, Deatsville, Alabama other than Garth.

    g.  Garth died on June 16, 2016, as a result of the shooting incident on May 13, 2016.

    h.  Garth had no reported income through the Alabama Department of Industrial Relations for two years prior to his death.

    i.  Unexplained assets were intertwined with the evidence of drug trafficking. Garth generated large sums of money from drug trafficking. Any property owned by Garth at the time of his death constitutes property obtained either directly or indirectly from drug trafficking or represents the proceeds of such drug trafficking.

    j.  Garth had a prior conviction in the Circuit Court of Montgomery County for trafficking cocaine (Case No. CC2006 000068.00).

    k.  Additionally, Garth was the subject of two drug-related felony charges out of the Circuit Court of Chambers County, Alabama at the time of the incident giving rise to his death and the seizure of the property at issue in this case. GEX 5, Complaint, Circuit Court of Chambers County, Alabama, Warrant Number 12-WR-2016-900527.00, Possession of a Controlled Substance, to wit: Codeine on or about April 7, 2016; GEX 6, Complaint, Circuit Court of Chambers County, Alabama, Warrant Number 12-WR-2016-900528.00, Trafficking Opium on or about April 7, 2016.

    l.  On or about July 27, 2016, Ruby Barton, as Executor of the Estate of Rodriguez Garth, filed an administrative claim with the DEA asserting ownership of Defendants $389,820.00, $15, 780.00, and $4, 550.00.

  m. On or about September 29, 2016, Ruby Barton, as Executor of the Estate of Rodriguez Garth, filed an administrative claim with the DEA asserting ownership of Defendants 1972 Chevrolet Chevelle SS396 and Miscellaneous Jewelry.

  n. While Ms. Barton filed her administrative claims as Executor of the Estate of Rodriguez Garth on July 27, 2016 and September 29, 2016, the Montgomery County, Alabama Probate Court did not issue Letters of Administration until December 15, 2016.

  o. On May 3, 2017, Elmore County, Alabama Circuit Judge Sibley Reynolds entered an Order to Turn Over Property instructing the Elmore County Sheriff to forward the defendants to the DEA.

## CLAIM FOR RELIEF

WHEREFORE, the United States prays that the defendants be condemned and forfeited to the United States as property representing proceeds of drug activity, that the United States be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted this 17th day of December, 2020.

        FOR THE UNITED STATES ATTORNEY
        LOUIS V. FRANKLIN, SR.

        Verne H. Speirs
        Assistant United States Attorney

Address of Counsel:

Office of the United States Attorney
Middle District of Alabama
131 Clayton Street (36104)
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone: (334) 223-7280
Facsimile: (334) 223-7106
E-mail: Verne.Speirs@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STATE OF ALABAMA )
COUNTY OF MONTGOMERY )

**VERIFICATION**

I, James E. Ranson, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration (DEA), that I have read the Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained therein are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and, as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States and information supplied to me by other law enforcement officers, together with others, as a Task Force Officer with the Drug Enforcement Administration.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct this 17th day of December, 2020.

James E. Ranson, Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me this 17 day of December, 2020.

Notary Public
Commission Expires: 8·10·21