IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:20-CV-1048-WKW |
| ) | [WO] |
| $389,820.00 IN UNITED STATES ) | |
| CURRENCY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Now before the court is the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 7) filed by claimant Ruby Barton and Defendants, $389,820.00 in U.S. currency, $15,780.00 in U.S. currency, $4,550.00 in U.S. currency, a 1972 Chevrolet Chevelle, and miscellaneous jewelry. Barton argues that the defendants *in rem* are currently under the jurisdiction of the Elmore County Circuit Court and therefore cannot be subject to this court's jurisdiction.

### I. BACKGROUND

On May 14, 2016, an Elmore County Deputy sheriff seized the defendants *in rem*, thereby establishing jurisdiction over the defendants *in rem* in the Elmore County Circuit Court. On December 21, 2016, the United States filed a forfeiture action under case number 2:16-CV-985. On May 3, 2017, the Elmore County

Circuit Court issued an order transferring the defendant *res* to the Drug Enforcement Agency. That order read as follows:

> Upon Motion for the turnover of property to the Federal authorities which is subject to the action pending in Federal District Court, Case No. 2:16-CV-985-WHA, this Court, pursuit to the authority in Little vs. Gaston, 2017 WL 836553 (Ala. Civ. App. 2017) hereby directs Elmore County Sheriff to forward the following property to The United States Drug Enforcement Administration (DEA), to wit: [describes the defendant *res*].

(Doc. # 9-1.)

On October 7, 2020, the Eleventh Circuit determined that the first federal action was initiated without subject matter jurisdiction and thus instructed that that case be dismissed. On October 14, 2020, Barton filed an *in rem* action in the Elmore County Circuit Court seeking a return of the property. On December 17, 2020, the United States filed the above-captioned case.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject-matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). On a Rule 12(b)(1) facial attack, the court evaluates whether the complaint "sufficiently allege[s] a basis of subject-matter jurisdiction," employing standards similar to those governing Rule 12(b)(6) review. *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013).

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff.  *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).  Rule 12(b)(6) review also includes consideration of any exhibits attached to the complaint.  *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).  To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

### III.  DISCUSSION

"[W]hen a court of competent jurisdiction has obtained possession, custody, or control of the disputed res in an in rem action, that possession cannot be disturbed by any other court."  *Key v. Wise*, 629 F.2d 1049, 1059 (5th Cir. 1980).  However, "possession, custody, or control" does not necessarily have to be by officers of the court itself.  For example, in *United States v. $84,940 United States Currency*, the Seventh Circuit agreed that possession by the Drug Enforcement Agency establishes federal jurisdiction, regardless of whether a case has yet been brought in federal

3

court. *United States v. $84,940 U.S. Currency*, 86 F. App'x 978, 984 (7th Cir. 2004) ("As of [the seizure], the money belonged to the DEA, not the state. This meant that . . . the first-in-time rule could not apply because the state no longer had the *res* and had no right to begin a forfeiture proceeding . . . .").

The existence or dismissal of an action in federal court is therefore irrelevant to the question of jurisdiction *in rem*. The question is only whether the federal agents had lawful possession over the *res*. Barton claims that lawful possession ended with the termination of the prior case because the state transfer order was conditioned on the existence of the prior case or because the transfer was only for the limited purposes of the prior case. Barton does not cite any Alabama or federal law to support this claim, solely relying on the language of the order itself:

> The plain language of the turnover order did not give this honorable court either ownership or blanket endless authority over the defendant *res*. Instead, the plain language of the order specifically restricted the turnover of the defendant *res* to the proceeding for which it was directed-2:16-cv-985. The words in the state court turnover order must be given their literal effect.

(Barton Reply at 2.)

However, Barton misreads the order. The order begins by describing the motion before that court—"Upon motion for the turnover of property . . ."—and then it continues to the operative language: ". . . this Court . . . hereby directs Elmore County Sheriff to forward the . . . property to The United States Drug Enforcement Administration . . . ." The only mention of the federal case number is in describing

4

the motion, not in the operative language.  Textually, the state court simply uses the case number as another way to identify the property: "property . . . which is subject to the action pending in Federal District Court . . . ."  Nothing about the court order suggests that the property should be returned when the federal action is complete.  Nothing in the order suggests that the turnover is conditioned on the existence of or proper subject-matter jurisdiction in the federal case.  By its plain language, the order is simply an unconditional turnover order that happens to also recognize the existence of a parallel federal case.

There is no indication that the federal agents have relinquished control over the *res*.  Therefore, exclusive federal jurisdiction has existed since May 3, 2017.  The dismissal of the previous federal case had no effect on that jurisdiction.  More importantly, Barton's initiation of a state case on October 14, 2020, does not affect the exclusive federal jurisdiction in this case.

## IV.  CONCLUSION

For the reasons stated above, it is ORDERED that Defendants' motion to dismiss (Doc. # 7) is DENIED.

DONE this 5th day of October, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE
